IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE:<br>    Robert Kiczka,<br><br>                              Debtors, | )<br>)<br>)<br>) | CHAPTER 13<br>CASE NO. 13 B 08656<br><br>Judge Jack B. Schmetterer |
| Robert Kiczka,<br><br>      Plaintiff,<br><br>    v.<br><br>Webster Bank,<br>Real Time Resolutions,<br>Bank NY Mellon,<br>and MERS,Inc.,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | ADV. NO. 13 AP 00380 |

## ~~PROPOSED FINDINGS~~ Amended Findings OF FACT AND CONCLUSIONS OF LAW

**Findings of Fact.**

Findings of fact are based on the filed Adversary Complaint and the Affidavit of Robert Kiczka.

**A. The Parties**

1. The Plaintiff is Robert Kiczka ("Plaintiff").

2. The Defendant is Webster Bank, Real Time Resolutions, Bank NY Mellon, and MERS,Inc. ("Defendant").

**B. Factual Background**

1. On March 5, 2013, Plaintiff filed a petition for relief under Chapter 13 of Bankruptcy code.

2. Plaintiff owns the real estate commonly known as 328 S. Crestwood Ln, Mount Prospect, IL 60056.

3. M&T Bank holds a first mortgage lien on the real property commonly known as 328 S. Crestwood Ln, Mount Prospect, IL 60056, with a secured claim of $253,642.00.

4. The Bank NY Mellon and Real Time Resolutions hold a second mortgage lien on the real property known 328 S. Crestwood Ln, Mount Prospect, IL 60056 in the amount of $27,915.00.

5. The Webster Bank holds a third mortgage lien on the real property known 328 S. Crestwood Ln, Mount Prospect, IL 60056 in the amount of $41,276.00.

6. That the fair market value at the time of filing of case number 13 B 08656 of the real estate was not more than $224,871.00.

7. The first mortgage lien of M&T Bank recorded on 3/20/2013 as document number 1208012088 with the Cook County Recorder of Deeds, Illinois is a secured claim based on the mortgage with America's Wholesale Lender and MERS,Inc. that was recorded on 3/20/2012 as document number 0707502126 with the Cook County Recorder of Deeds, Illinois.

8. The second mortgage lien of Bank NY Mellon which is now serviced by Real Time Resolutions recorded on 3/2/2012 as document number 1206208278 with Cook County Recorder of Deeds, Illinois is a claim based on the mortgage with Countrywide Bank and MERS,Inc. dated 3/16/2007 recorded in the Office of the Cook County Recorder of Deeds as document number 0707502127.

9. The third mortgage lien of Webster Bank is a claim dated 4/24/2007 recorded in the Office of the Cook County Recorder of Deeds as document number 0711442102.

10. The current Chapter 13 Plan provides the Plaintiff will make monthly payments to the Chapter 13 Trustee in the amount of $310 monthly for 36 months.

11. Under the Plan, general unsecured creditors will be paid a dividend of seven percent (7%) of their allowed claim.

12. On April 3, 2013 Plaintiff issued a summons and complaint to 11 U.S.C. § 506(a) and Bankruptcy Rule 3012 to determine the validity of Defendant's lien on Plaintiff's property located at 328 S. Crestwood Ln, Mount Prospect, IL 60056.

13. That on April 19, 2013 a copy of the summons and complaint was served in accordance with Rule 7004 of the Federal Rules of Bankruptcy Procedure by Certified U.S. Mail, postage prepaid to the agents for Webster Bank, Real Time Resolutions, Bank NY Mellon, and MERS,Inc..

14. The summons indicated that a motion or answer was required within 30 days of issuance; to date, no responsive pleading has been filed.

15. No evidence has been presented to challenge the validity of the secured claim that

holds priority over the second mortgage lien.

16. No evidence has been presented to challenge the fair market value of $224,871.00.

17. The secured claim of M&T Bank in the amount of $253,642.00 exhausts the value and equity in Plaintiff's residence.

16. There is no value and equity to support the claim of the Defendant.

## PROPOSED CONCLUSIONS OF LAW

### A. Jurisdiction

1. The contested matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(K).

2. This court has jurisdiction overt this matter pursuant to 28 U.S.C. § 157(a) and 1334(b).

3. Venue is proper in this pursuant to 28 U.S.C. § 1409.

### B. Argument

4. This action was initiated under 11 U.S.C. § 506(a) and F. R. Bankr. P. 3012.

5. The Debtor scheduled the first M&T Bank secured claim in the amount of $253,642.00, the second Real Time Resolutions and Bank NY Mellon claim in the amount of $27,915.00, and the third Webster Bank claim in the amount of $41,276.00.

6. That value of Plaintiff's residence is $224,871.00.

7. As there is no value or equity to support the second priority lien of Webster Bank, Real Time Resolutions, Bank NY Mellon, and MERS,Inc., the Webster Bank, Real Time Resolutions, Bank NY Mellon, and MERS,Inc. claim is not a claim secured at all by a security interest in the Debtor's residence, as the term is used in § 1322(b) of the Bankruptcy Code. The Chapter 13 plan, value the collateral under FR. Bankr. P.3012, and determine the respective rights of secured creditors through the language used therein, contingent on confirmation thereof, completion of the Plan by the Debtor, and entry of the discharge. *In re Meyer*, 2009 B 20268, Docket Entry 69 (Bankr. N.F.Ill. January 29, 2010).

_____
United States Bankruptcy Judge

JUN 20 2013